PEOPLE ex rel. JOYCE v. GUDEN, Sheriff.

(Supreme Court, Special Term, Kings County. January 15, 1902.)

1. MUNICIPAL CORPORATIONS—JUDICIAL OFFICERS—CONSTRUCTION OF STATUTE.
   Const. 1894, art. 6, § 17, providing that justices of the peace and district court justices may be elected in the different cities in such manner as shall be prescribed by law, and that all other judicial officers in cities whose election or appointment is not otherwise provided for shall be chosen by the electors of such city, or appointed by the local authorities, is not limited to judicial officers which existed at the time of the adoption of the constitution, but includes all judicial officers not expressly excepted from the operation of the statute, though the office was created after the adoption of the constitution.

2. SAME—CITY MAGISTRATES—DISTRICT COURTS.
   The city magistrates are not district courts, within the meaning of such constitutional provision, and therefore the manner of their election cannot be provided for by law, but they must be elected by the electors of the city, or appointed by the municipal authorities thereof.

3. SAME.
   Const. 1894, art. 6, § 18, requiring all judicial officers, except as therein provided, to be elected or appointed at such time and in such manner as the legislature may direct, does not apply to judicial officers in cities; but they are controlled by section 17, providing that justices of the peace and district court justices may be elected in different cities at the times and in the manner prescribed by law, and requiring all other judicial officers to be chosen by the electors of such cities, or appointed by the local authorities thereof.

4. OFFICERS—ELECTION—MANNER OF.
   Const. 1894, art. 6, § 18, requiring all judicial officers, except as therein provided, to be elected or appointed in such manner as the legislature may direct, does not authorize the legislature to designate the body of electors which shall be entitled to elect such officers.

Habeas corpus by the people, on the relation of one Joyce, against Charles Guden, as sheriff of Kings county, to procure the discharge of one Lizzie Behan. Prisoner discharged.

John L. Hill, for relator.

John F. Clarke, Dist. Atty., for respondent.

MAREAN, J. Lizzie Behan was brought before me on habeas corpus on January 4, 1902, and discharged. She had been committed to await trial as a disorderly person, and had subsequently been admitted to bail and ordered to be discharged by Civil Magistrate Higginbotham. The sheriff refused to recognize the order of the magistrate, whereupon I issued a writ of habeas corpus, and disposed of the matter as above stated, on the grounds indicated in my opinion in Dooley v. Murphy. It is proper that I should, by reference to some authorities, supplement that opinion, which was to the effect that the provisions of the revised charter for the election of city magistrates in Brooklyn are in violation of the constitution.

The clause of the constitution in question is the closing sentence of section 17 of article 6, and is as follows:

"Justices of the peace and district court justices may be elected in the different cities of this state in such manner and with such powers and for such terms respectively as are or shall be prescribed by law; all other judicial officers in cities whose election or appointment is not otherwise pro-

vided for in this article shall be chosen by the electors of such cities or appointed by some local authorities thereof."

The question is whether the last clause of the above quotation merely requires all existing judicial officers in cities other than those specifically named to be chosen as there specified, or requires all other judicial officers in cities, whether then existing or thereafter to be created, to be so chosen if at all. If the first suggested meaning is the true one, then police justices in cities—officers then existing both in New York and Brooklyn—became constitutional officers, beyond the power of the legislature to abolish their office; for, though police justices are not named, they are included, if existing judicial officers are meant, and police justices in cities were continued by constitutional authority as much as justices of the peace in towns; the language requiring their election or appointment being not less imperative than that at the beginning of section 17 respecting justices of the peace in towns. But it was held in Koch v. City of New York, 152 N. Y. 72, 46 N. E. 170, that police courts in cities were "not even indirectly referred to" in section 17, and that the legislature had the power to abolish their office. It seems, therefore, to have been actually decided in the case cited that the last clause of section 17 did not even indirectly refer to existing judicial officers in cities, but to judicial officers in cities generally, without reference to whether they were then in existence, or should be thereafter created. Considering the care with which every expression may be supposed to be studied in the drafting of a fundamental law, it cannot be doubted that, had it been intended to restrict the provision to officers then existing, that would have been accomplished unmistakably by some appropriate word.

The only other suggestion which need be considered is that the city magistrate may be deemed a justice of a district court, within the meaning of the portion of section 17 above quoted. It will be noticed that while the charter provides for a municipal court, a city court, and courts of special sessions, it does not, in terms, create any court of which the city magistrate is a judge or justice. It creates the office of city magistrate, and vests in the incumbent certain judicial powers. This circumstance is at least remarkable. The city magistrate, in the exercise of his judicial functions, performs them exactly as a justice of the supreme court exercises the powers which he may exercise out of court. He does not hold a court, any more than a justice of the supreme court does when he signs an order to show cause on the street, or any other order which he as a judge may make, or hears a contested motion which as a judge he may hear. A court is a well-recognized immaterial entity, which continues though the judge may die. The distinction is not fanciful. A proceeding before a justice of the supreme court upon the death of such justice abates, unless some provision of law exists for its continuance before some other justice. The city magistrate is not a justice of any court. He is merely a person vested with certain judicial powers. But even if the city magistrates in the Second division of the city could be called judges of a court which has no name, that court is not a district court, within the meaning of the constitution. The constitution

makers did not use the term "district court" in any generic sense. The expression is too vague as a definition by itself. It was intended to permit the establishment in cities of courts substantially of the character of the district courts then existing in the city of New York,— courts of civil jurisdiction; the counterpart in cities, on the civil side, of the immemorial justices of the peace in towns. There were already district court justices in New York, and justices of the peace in Brooklyn, elected by the electors of the whole city; and the permission to elect district court justices in cities was surely not intended to provide for any additional new creation in either territory. In Worthington v. Accident Co., 164 N. Y. 81, 58 N. E. 102, it was held that the present municipal court of the city of New York is identical with the former district courts in New York and justices' courts in Brooklyn, merged and combined under a new name. The municipal court is therefore the district court, and there is no room for any other in the city of New York. But if there be a district court of which the city magistrates in the Second division are the judges, the three boroughs of Brooklyn, Queens, and Richmond constitute the district; and the provision of the constitution for their election never contemplated that the legislature might provide for their election by any constituency narrower than the district in every corner of which they were to exercise all their judicial powers. The spirit of our institutions requires that to be understood, if not expressed, in every provision of the constitution for the election of any officer other than a legislative officer, where the contrary is not expressly stated. None of the magistrates elected in 1901 were elected in any larger territory than a single borough,—most of them only in a congressional district,—and their case is not mended by any theory that they are justices of a district court. The provision contained in section 18, that, "except as herein otherwise provided, all judicial officers shall be elected or appointed at such times and in such manner as the legislature may direct," covers the whole field of judicial officers in the state, other than those excluded by the exception, whether existing or to be created. But it has no relation to judicial officers in the cities, which has been already provided for by section 17, and which are therefore within the exception. But even if this provision were deemed to furnish the constitutional rule governing the selection of city magistrates, it contains an understood member which forbids the legislature to direct the election of a city magistrate in the Second division of the city by the electors of any community narrower than the whole of it. The "manner of election" does not go to the question of what body of electors shall elect. See Rathbone v. Wirth, 6 App. Div. 277, 40 N. Y. Supp. 535. It is hardly necessary to point out that the exception in section 18 excludes the cases provided for by section 17, and not vice versa, because the class excluded by an exception must be smaller than the class from which it is excluded.